NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DLB ASSOCIATES CONSULTING ENGINEERS, P.C., | : : : | CIVIL ACTION NO. 12-7524 (MLC) |
| Plaintiff, | : : : | **MEMORANDUM OPINION** |
| v. | : : | |
| REYNOLDS, INC., | : : | |
| Defendant. | : : | |

**THE COURT** ordered the parties to show cause why, inter alia, the action should not be transferred to the United States District Court for the Northern District of Georgia. (See dkt. entry no. 48, Order to Show Cause.) The parties have filed their responses as to the issue of such a transfer. (See dkt. entry no. 49, Pl. Br. at 1-4; dkt. entry no. 50, Def. Br. at 2.) The Court assumes the parties are familiar with the issues concerning venue set forth in the Order to Show Cause and will not repeat them here. The Court intends to transfer the action to the Northern District of Georgia, pursuant to the broad discretion afforded under 28 U.S.C. § 1404(a), for several reasons. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**THE UNDERLYING** personal-injury action was brought by Gary Lassiter in a Georgia state court to recover damages for personal injuries suffered in a construction-site accident ("Accident") in Douglas County, Georgia ("Lassiter Georgia State Action").

The parties argue that Lassiter has voluntarily dismissed the claims asserted in the Lassiter Georgia State Action, and thus there will be no further related litigation in Georgia state court. (See Pl. Br. at 4; Def. Br. at 1.) However, the plaintiff admits that other parties may still be "potential[ly] involve[d] . . . in settlement discussions" and "may have independent claims for indemnification". (Pl. Br. at 4.) Thus, a real possibility of further litigation in Georgia state court remains. See, e.g., Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 272 Ga. 209, 211-12 (2000) (stating "voluntary dismissal with prejudice constitutes a final disposition of the underlying action only as far as the parties involved in the voluntary dismissal are concerned", and "effect of a voluntary dismissal does not extend to any party not named therein"). Furthermore, those lingering potential claims may cause a party to move to vacate the voluntary dismissal and to reinstate the Lassiter Georgia State Action.

**THE ACCIDENT** occurred in Georgia. The plaintiff asserts that "both parties have conceded by way of their [previously-filed] dual motions for summary judgment [that] nothing is left but for the Court to render a determination on [defendant's] duty to indemnify [plaintiff] and the breach of contract caused by [defendant's] failure to meet that duty." (Pl. Br. at 1; see Def. Br. at 1 (stating same).) However, that assertion incorrectly assumes that the Court would be certain to grant summary judgment to one of the parties at this stage and not deny summary judgment to both parties due to lingering issues of fact. As the plaintiff concedes, the parties "take opposing positions on the

decision compelled by the evidence before the Court". (Pl. Br. at 1.)  Furthermore, whether the defendant acted in a negligent manner, and whether such negligence caused the Accident, remains at issue. (See dkt. entry no. 26, 6-28-13 Def. Br. at 16-19 (asserting defendant was not negligent); dkt. entry no. 30-1, 6-28-13 Pl. Br. at 1, 16-18 (asserting defendant was indeed negligent).)  It may be necessary to gather further evidence, and thus it remains relevant that Georgia encompasses the site of the Accident, Lassiter's domicile, and the domiciles and workplaces of non-party witnesses.

**IN ADDITION** to the aforementioned reasons, and as already set forth in the Order to Show Cause, a transfer of venue to Georgia is proper because:

(1) the defendant's principal place of business is in Georgia;

(2) the action before this Court — as conceded by the parties — is controlled by Georgia law, and thus a district court in Georgia can easily apply controlling Georgia law (see Pl. Br. at 2-3; Def. Br. at 2);

(3) the conduct underlying the allegations occurred in Georgia;

(4) a district court in Georgia will have more of an interest in, and be more familiar with, the Accident site; and

(5) citizens of Georgia will have an interest in the outcome.

**THE NEW JERSEY CITIZENSHIP** of the plaintiff does not outweigh the aforementioned factors, and thus does not make a New Jersey venue more proper. See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying petition for writ of

mandamus to compel Pennsylvania district court to vacate order transferring case to Virginia district court, as, <u>inter alia</u>, (1) not all of the defendants resided in Pennsylvania, and (2) substantial part of events at issue arose in Virginia); <u>Hoffer v. InfoSpace.com, Inc.</u>, 102 F.Supp.2d 556, 573 (D.N.J. 2000) (stating "[t]he choice of forum by a plaintiff is simply a preference; it is not a right") ; see <u>Nat'l Prop. Investors VIII v. Shell Oil Co.</u>, 917 F.Supp. 324, 327 (D.N.J. 1995) (stating plaintiff's venue choice is not dispositive, and is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum").  Furthermore, the convenience of counsel is not a consideration as to the issue of proper venue.  See <u>Solomon v. Cont'l Am. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3d Cir. 1973).

**THE COURT**, having permitted the parties to address the issue of venue, is now authorized to transfer the action even though no party moved for such relief.  See <u>Johnson v. U.S. Bancorp</u>, No. 10-1072, 2012 WL 1133689, at *4 (D. Del. Mar. 30, 2012); <u>Bank Express Int'l v. Kang</u>, 265 F.Supp.2d 497, 507 n.12 (E.D. Pa. 2003).  As the parties have stated no particular preference as to the appropriate district court, the Court intends to transfer the action to the Northern District of Georgia.  (<u>See</u> Order to Show Cause at 7.)  For good cause appearing, the Court will issue an appropriate order.

   s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated: May 16, 2014